UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MORNINGSTAR, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:08CV794 TIA |
| | ) | |
| HARDEE'S FOOD SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Hardee's Food Systems, Inc.'s Motion to Dismiss Counts V, VI, and VII of Plaintiff's Complaint. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## **Background**

Plaintiff Morningstar, LLC ("Morningstar") is a franchisee of Defendant Hardee's Food Systems, Inc. ("Hardee's") that owns and operates six Hardee's restaurants pursuant to six separate franchise agreements. Plaintiffs Brian Bergeron and Kent Schmidt are individuals associated with Morningstar, who, in consideration of, and as an inducement to execution of the Franchise Agreements by Hardee's, executed guarantees and assumptions of obligations with respect to each of the Franchise Agreements. The Franchise Agreements and Guarantees and Assumptions pertaining to the Hardee's restaurants at issue are identical in all material respects except as to the location of the restaurants.

On June 2, 2008, Plaintiffs filed a Complaint and Jury Demand in federal court, alleging that Hardee's breached its express and implied contracts and the covenant of good faith and fair dealing with respect to Plaintiffs. Further, Plaintiffs assert that Hardee's unlawfully interfered with Plaintiffs'

contract(s) with a third party. Additionally, Plaintiffs claim interference with prospective economic advantage and interference with business relations. Because the parties agreed that North Carolina substantive law would apply to any court action, Plaintiffs also allege violation of the North Carolina Unfair Trade Practices Act. Finally, Plaintiffs assert claims of promissory estoppel and declaratory judgment.

## Legal Standards

The United States Supreme Court recently held that a complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 1965. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 1964-1965; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the

plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 127 S. Ct. at 1965. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

**Discussion**

Defendant first argues that this Court should dismiss Count V of Plaintiffs' Complaint because North Carolina courts and federal courts applying North Carolina law have cautioned against expanding the Unfair Trade Practices Act, N.C.G.S. § 75-1.1 et seq. ("UTPA"), to include "garden variety" breach of contract claims. In Count V, Plaintiffs assert that Defendant committed unfair and deceptive acts or practices which affected commerce under N.C.G.S. § 75-1.1 et seq. and cause injury to the plaintiffs. Plaintiffs specifically cite nine unfair and deceptive acts that Defendant allegedly committed in violation of the UTPA.

In the motion to dismiss, Defendant argues that the allegations contained in Count V are simply a reiteration of the allegations in Plaintiffs' breach of the franchise agreement contained in Count I of the Complaint. Plaintiffs, on the other hand, contend that the allegations contained in Count V demonstrate "aggravated misconduct" beyond the breach of contract claim sufficient to be actionable under the North Carolina statute.

In Broussard v. Meineke Discount Muffler Shops, Inc., 155 F.3d 331 (4th Cir. 1998), the Fourth Circuit Court of Appeals stated that "North Carolina courts have repeatedly held that 'a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under [the UTPA,] N.C.G.S. § 75-1.1.'" Id. at 347 (quoting Branch Banking & Trust Co. v. Thompson,
3

418 S.E.2d 694, 700 (1992)). Instead, "North Carolina law requires a showing of 'substantial aggravating circumstances' to support a claim under the UTPA." Id.

Upon reading the Complaint and the briefs pertaining to the motion to dismiss, the Court is not convinced that Plaintiffs' UTPA claims are solely based upon the breach of contract claims. Defendant has failed to demonstrate that the allegations contained in Count V of the Complaint indicates an insuperable bar to relief. At this point in the litigation, Plaintiffs have at least raised a plausible claim for relief under the UTPA with enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. See Twombly, 127 S. Ct. at 1965. Therefore, the Court will deny Defendant Hardee's Motion to Dismiss Count V at this time. Defendant is free to again raise this issue at the summary judgment stage of the litigation.

Next, Defendant asserts that this Court should dismiss Count VI, promissory estoppel, because North Carolina law prohibits the "offensive" use of this doctrine. Plaintiffs, on the other hand, contend that Count VI complies with North Carolina law because Plaintiffs seek to enforce their reliance on the abandonment of rights and representations that Hardee's said it would not enforce.

"The North Carolina courts have expressly disallowed the doctrine of promissory estoppel, however, as a substitute for traditional notions of consideration when raised affirmatively by one seeking to prove the existence of a contract as the basis of recovery." JD Benefits, Inc. v. Harrington Wealth Management, Inc., No. 1:04CV01, 2005 WL 1660561, at *7 (N.D.N.C. 2005) (citing Dealers Supply Co. v. Cheil Indus., Inc., 348 F. Supp. 2d 579, 590 (M.D.N.C. 2004); Home Elec. Co. of Lenoir, Inc. v. Hall and Underdown Heating and Air Conditioning Co., 358 S.E.2d 539, 541 (N.C. Ct. App. 1987)). While Plaintiffs insist that they are not using the doctrine of promissory estoppel

4

"affirmatively," close reading of the face of the Complaint contradicts this position.

Count VI of Plaintiffs' Complaint alleges that Defendant Hardee's made representations to Plaintiffs, that Plaintiffs relied upon these representations to their detriment, and that Hardee's should be "contractually and/or equitably estopp[ed]" from denying its obligations. The cases prohibiting the use of promissory estoppel as an affirmative cause of action do not hinge upon specific factual situations. Instead, these cases expressly state that "promissory estoppel may not be used as an affirmative cause of action in [North Carolina]." Rice v. Vitalink Pharmacy Servs., 124 F. Supp. 2d 343, 347 (W.D.N.C. 2000). See also, Home Elec. Co. of Lenoir, Inc. v. Hall and Underdown Heating and Air Conditioning Co., 358 S.E.2d 539, 541 (N.C. Ct. App. 1987 ("North Carolina case law has not approved the doctrine [of promissory estoppel] for affirmative relief."); Dealers Supply Co., Inc. v. Cheil Indus., Inc., 348 F. Supp. 2d 579, 587 (M.D.N.C. 2004) ("This court similarly declines to accept Plaintiff's invitation to apply promissory estoppel affirmatively. To do so would be error."). Plaintiffs have failed to present any persuasive legal support for their argument that their affirmative use of promissory estoppel complies with North Carolina law. Therefore, the undersigned will grant Defendant's Motion to Dismiss with respect to Count VI of the Complaint.

Finally, Defendant maintains that this Court should dismiss Count VII of Plaintiffs' Complaint because the claim is inappropriate. Specifically, Defendant asserts that the claim duplicates other claims for relief and that no actual controversy exists. Plaintiffs, on the other hand, contend that an actual controversy does exist and that this controversy is precisely the type of dispute that is appropriate for judgment under the Declaratory Judgment Act.

Under the Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such

declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "For there to be a case or controversy . . . , the dispute must be 'definite and concrete, touching the legal relations of parties having adverse legal interests,' 'real and substantial,' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" Prasco, LLC v. Medicis Pharm. Corp., 537 F.3d 1329, 1335-1336 (Fed. Cir. 2008) (quoting MedImmune, Inc. v. Genetech, Inc., 549 U.S. 118, 127 (2007)). The Eighth Circuit has articulated two factors for a court to assess in determining whether it should exercise its jurisdiction under the Declaratory Judgment Act. "The court is first to ask whether declaratory judgment will 'serve a useful purpose in clarifying and settling' the legal dispute in issue. Second the court should determine whether such judgment will 'terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceedings.'" Anheuser-Busch, Inc. v. All Sports Arena Amusement, Inc., 244 F. Supp. 2d 1015, 1023 (quoting Alsager v. Dist. Court of Polk County, Iowa, 518 F.2d 1160, 1162 (8th Cir.1975)).

The undersigned agrees with Defendant Hardees and finds that the Plaintiffs' claim for declaratory relief is duplicative of the claims contained in Counts I through IV, which request relief in the form of a declaration identical to that contained in Count VII. While Plaintiffs assert that a declaration of their rights under the franchise agreements is precisely the type of dispute that is appropriate for declaratory judgment, they fail to address Hardees' argument that Count VII is duplicative of Counts I through IV.

In Ticketmaster, LLC v. RMG Technologies, Inc., the court dismissed a claim for declaratory relief because the Defendant failed to identify any reason why the court should allow it to seek declaratory relief on a copyright misuse claim in addition to litigating an affirmative defense for

6

copyright misuse. 536 F. Supp. 2d 1191, 1199 (C.D. Cal. 2008). The court held that "the presence of a declaratory relief claim for copyright misuse here would be duplicative, and a needless waste of judicial resources." Id. (citation omitted). A district court from the Eighth Circuit recently followed this reasoning, concluding that plaintiffs' declaratory judgment claim should be dismissed as duplicative of their breach of warranty claim. O'Neil v. Simplicity, Inc., 553 F. Supp. 2d 1110, 1113 n.4 (D. Minn. 2008).

In the instant case, the undersigned finds that Plaintiffs' claim for declaratory relief duplicates the prayer for relief in Counts I through IV Declaratory Judgment Act. Because Plaintiffs request a declaration of their rights under the franchise agreement in the first four counts of the complaint, declaratory judgment will not serve a useful purpose in clarifying and settling the legal dispute in issue. Instead, addressing such count would serve as a "needless waste of judicial resources." Ticketmaster, 536 F. Supp. 2d at 1199. Thus, Count VII of Plaintiffs' Complaint will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Counts V, VI, and VII of Plaintiffs' Complaint [Doc #12] is **GRANTED** in part and **DENIED** in part, consistent with this Memorandum and Order. A separate Judgment shall accompany this Memorandum and Order.

                                                   /s/ Terry I. Adelman  
                                        UNITED STATES MAGISTRATE JUDGE

Dated this  6th  day of January, 2009.